**EXHIBIT A**

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON 3/24/2021
By **/s/ Anthony Berini**
Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SYNCHRONY BANK, and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOSEPH CAGNO

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of California, County of San Mateo 400 County Center, Redwood City, California 94063 | CASE NUMBER: *(Número del Caso):* **21-CIV-01579** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Erika Angelos Heath, 369 Pine Street, Suite 410, San Francisco, CA 94104 // (415) 426-7850

| DATE: *(Fecha)* 3/24/2021 | Neal I. Taniguchi | Clerk, by *(Secretario)* | /s/ Anthony Berini | , Deputy *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: **SYNCHRONY BANK**

under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☐ by personal delivery on (date)

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

Erika Heath (SBN 304683)
ERIKA HEATH, ATTORNEY AT LAW
369 Pine St., Ste. 410
San Francisco, CA 94104
Tel.:   (415) 426-7850
erika@heathlegal.com

Attorney for Plaintiff
JOSEPH CAGNO

**Electronically**
**FILED**
by Superior Court of California, County of San Mateo
ON        3/24/2021
By_____/s/ Anthony Berini_____
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SAN MATEO

| | |
|---|---|
| JOSEPH CAGNO,<br>          Plaintiff,<br><br>v.<br><br>SYNCHRONY BANK, and DOES 1 through 10, inclusive,<br>          Defendants. | Civil Action No.  21-CIV-01579<br>(Unlimited Civil Case)<br><br>**COMPLAINT FOR DAMAGES**<br><br>  (1) Fair Credit Reporting Act<br>  (2) Consumer Credit<br>        Reporting Agencies Act<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1.      JOSEPH CAGNO, Plaintiff, brings this action against Defendant SYNCHRONY BANK ("SYNCHRONY"), for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), and the California Consumer Credit Reporting Agencies Act, Cal. Civil Code § 1785.1 *et seq.* ("CCRAA").

## JURISDICTION AND VENUE

2.      The Court has jurisdiction over this action pursuant to California Civil Code §1788.30(f), which allows enforcement in any court of competent jurisdiction. The California Superior Court has jurisdiction over this action pursuant to California Constitution Article VI, §

- 1 -

1  10, which grants the Superior Court "original jurisdiction in all cases except those given by

2  statute to other trial courts." The statutes under which this action is brought do not grant

3  exclusive jurisdiction on any other trial court in California. In fact, pursuant to 15 U.S.C. §§

4  1681p, 1691e, any court of competent jurisdiction may adjudicate Plaintiff's federal causes of

5  action.

6       3.     This Court has jurisdiction over each Defendant named herein because, based on

7  information and belief, each Defendant is a corporation or association authorized to do business

8  in California and registered with the California Secretary of State, or does sufficient business,

9  has sufficient minimum contacts in California, is a citizen of California, or otherwise

10  intentionally avails itself of the California market through the promotion, sale, marketing and/or

11  distribution of goods and services in California and thereby having such other contacts with

12  California so as to render the exercise of jurisdiction over it by the California courts consistent

13  with traditional notions of fair play and substantial justice.

14       4.     Venue is proper in San Mateo County pursuant to California Code of Civil

15  Procedure §§ 393 and 395.5, because one or more of the violations alleged in this Complaint

16  arise in the County of San Mateo. Venue is also proper in San Mateo County pursuant to

17  California Code of Civil Procedure § 395(b) because this action arises from an extension of

18  credit intended primarily for personal, family or household use and Plaintiff signed the purported

19  contract in the San Mateo County, resided in San Mateo County when entering into the purported

20  contract, or resided in San Mateo County when commencing this action.

21  **PARTIES**

22       5.     Plaintiff **JOSEPH CAGNO** is an adult individual residing in the County of San

23  Mateo in the State of California.

24       6.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and Cal.

25  Civ. Code § 1785.3(b).

26

27

28

- 2 -
COMPLAINT FOR DAMAGES

7.      Defendant **SYNCHRONY BANK** ("SYNCHRONY"), is a national bank from Draper Utah, is authorized to do busines in the State of California, and has substantial contacts in this District.

## FACTUAL BACKGROUND

8.      In or around January 2018, Plaintiff purchased a new mattress and adjustable mattress bases from Mancini's Sleep World.  Plaintiff financed a total of $3,724.52 of the purchase through SYNCHRONY.

9.      On or around March 12, 2018, Plaintiff returned the products to Mancini's Sleep World, which entitled him to a full credit of his purchase.

10.     Unbeknownst to Plaintiff at the time, his SYNCHRONY account was not credited with the full return.

11.     Despite the fact that nothing else was owed on the mattress, SYNCHRONY continued to attempt to collect the debt from Plaintiff.  These collection attempts included SYNCHRONY's furnishing inaccurate and/or incomplete information to credit bureaus, alleging that Plaintiff was delinquent on the debt when, in fact, he owed nothing.

12.     Soon after the return of his products, Plaintiff began receiving past due notices from SYNCHRONY.  Because he returned the products, Plaintiff disputed the information with SYNCHRONY.

13.     On April 4, 2018, SYNCHRONY sent Plaintiff a letter, acknowledging that it would remove any derogatory information on is credit report from March 2018 and April 2018.

14.     Throughout September 2018, Plaintiff attempted various ways to resolve the matter with SYNCHRONY, including continuing to dispute the debt with SYNCHRONY and even making payments at times to proactively try to avoid any delinquencies from appearing on his credit reports (even though he disputed that he even owed the debt to SYNCHRONY).

15.     In or around February 2019, Plaintiff's account with SYNCHRONY was closed with a zero balance.

1    16.    Plaintiff discovered SYNCHRONY's continued inaccurate credit reporting on

2 March 29, 2019, when he was in the process of applying for a mortgage. According to his credit

3 reports on that day, SYNCHRONY was reporting that he still owed $3,659 on the purchase as of

4 February 2019 – an inflated amount even assuming the debt were valid. Moreover,

5 SYNCHRONY was reporting that he had many late payments, even though he did not owe

6 anything on the account.

7    17.    Shortly after receiving that credit report, Plaintiff received a letter from

8 SYNCHRONY, dated March 26, 2019, acknowledging to him that it would delete any

9 delinquency appearing on his credit report from between April 24, 2018 and February 24, 2019.

10 According to the letter, it would take up to 60 days for the credit bureaus to update their

11 information.

12    18.    Nevertheless, Plaintiff was in the process of closing on a house, and had to obtain

13 a mortgage. Because of SYNCHRONY's inaccurate credit reporting, Plaintiff received less

14 favorable terms for his mortgage than he would have otherwise received.

15    19.    As of November 2020, SYNCHRONY was still reporting prior alleged

16 delinquencies on Plaintiff's credit reports, including but not limited to Equifax and Trans Union.

17    20.    In or around November 2020, Plaintiff submitted a dispute regarding the reporting

18 of the SYNCHRONY account with Trans Union. Upon information and belief, Trans Union

19 communicated that dispute to SYNCHRONY.

20    21.    On December 2, 2020, in response to Plaintiff's dispute, Trans Union informed

21 Plaintiff that SYNCHRONY verified the reported information as accurate. But the information

22 was not accurate, as shown by SYNCHRONY's own correspondence to Plaintiff. On the

23 contrary, SYNCHRONY was still reporting Plaintiff as late for May 2018 (30 days late), June

24 2018 (60 days late), and August 2018 through October 2018 (30-90 days late).

25    22.    After SYNCHRONY verified the information it furnished to Trans Union, Trans

26 Union continued to report the inaccurate, derogatory information from SYNCHRONY. As a

27

28

COMPLAINT FOR DAMAGES

1  result, Plaintiff submitted another dispute to Trans Union in or around early December 2020.

2  Upon information and belief, Trans Union communicated that dispute to SYNCHRONY.

3      23.    On December 16, 2020, after Plaintiff had submitted disputes directly to

4  SYNCHRONY, the bank again sent Plaintiff a letter indicating that it would remove any

5  delinquency on his account occurring from April 2018 through February 2019.

6      24.    On December 22, 2020, however, SYNCHRONY also notified Plaintiff that it

7  was reporting his account information correctly, and indicated incorrectly that SYNCHRONY

8  was not reporting any delinquencies in his credit history for the account.

9      25.    On December 26, 2020, in response to Plaintiff's earlier dispute, Trans Union

10  responded that SYNCHRONY had again verified its credit reporting as accurate even though the

11  derogatory information was inaccurate.

12      26.    In or around January 2021, Plaintiff also submitted a dispute through Equifax to

13  dispute the derogatory information reported by SYNCHRONY on its credit reports.  Upon

14  information and belief, Equifax communicated that dispute to SYNCHRONY.

15      27.    On January 21, 2021, Equifax sent Plaintiff a response, indicating that

16  SYNCHRONY verified it was reporting its prior paying history correctly. But SYNCHRONY

17  was not reporting its prior payment history correctly to Equifax, and it was instead reporting

18  Plaintiff as late for May 2018 (30-59 days late), June 2018 (60-89 days late), August 2018 (30-59

19  days late), September 2018 (60-89 days late), and October 2018 (90-118 days late).

20      28.    In or around February 2021, Plaintiff submitted another dispute through Equifax

21  to contest again the derogatory information reported by SYNCHRONY on its credit report.

22  Upon information and belief, Equifax communicated that dispute to SYNCHRONY as well.

23      29.    On March 4, 2021, Equifax sent Plaintiff a response to his dispute, indicating that

24  SYNCHRONY updated its payment history for the account.  But the derogatory information that

25  concerned Plaintiff was still there, and upon information and belief, had been verified again by

26  SYNCHRONY.

27

28

30.     To this day, the inaccurate, derogatory information from SYNCHRONY remains on Plaintiff's credit reports with Equifax and Trans Union.

31.     SYNCHRONY's conduct has caused substantial harm to Plaintiff, including but not limited to denial of credit, damage to reputation, economic loss, reduced creditworthiness, invasion of privacy, mental anguish and emotional distress.

## FIRST CAUSE OF ACTION
### (Fair Credit Reporting Act)

32.     Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

33.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

34.     SYNCHRONY is a "person" as defined by 15 U.S.C. § 1681a(b).

35.     The FCRA requires the recipient of "a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency" to "conduct an investigation with respect to the disputed information." 15 U.S.C. § 1681s-2(b)(1)(A).

36.     The FCRA states that "if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after" any reinvestigation of the dispute information, the person must modify, delete, or permanently block the reporting of that item of information. 15 U.S.C. § 1681s-2(b)(1)(E).

37.     As alleged above, Plaintiff disputed one or more items of information furnished by SYNCHRONY to one or more consumer credit reporting agencies.

38.     As alleged above, one or more of the consumer credit reporting agencies to which Plaintiff disputed the items of information furnished by SYNCHRONY contacted SYNCHRONY regarding Plaintiff's dispute.

39.     SYNCHRONY failed to conduct a reasonable reinvestigation in response to Plaintiff's disputes.

40.     As alleged above, SYNCHRONY verified the information it was furnishing to the consumer reporting agencies, despite the fact that it was inaccurate.

- 6 -

41.   As shown by SYNCHRONY's own letters to Plaintiff, SYNCHRONY had actual knowledge that the information it was furnishing to the consumer reporting agencies was inaccurate or incomplete.

42.   SYNCHRONY's conduct violates section 1681s-2(b) of the FCRA.

43.   For SNCHRONY to verify the information appearing on Plaintiff's credit report that even it concedes is inaccurate constitutes willful non-compliance with the FCRA.

44.   Pursuant to 15 U.S.C. §§ 1681n and o, Defendant SYNCHRONY is liable to Plaintiff for actual damages, punitive damages, attorney's fees, costs, as well as such further relief as may be permitted by law.

## SECOND CAUSE OF ACTION
(Consumer Credit Reporting Agencies Act)

45.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46.   Plaintiff is a "consumer" as defined by Cal. Civil Code section 1785.3(b).

47.   SYNCHRONY is a "person" as defined by Cal. Civil Code section 1785.3(j).

48.   SYNCHRONY violated Cal. Civil Code section 1785.25(a) by furnishing information on a specific transaction or experience to multiple consumer reporting agencies even though it knew or should have known the information was incomplete or inaccurate.

49.   SYNCHRONY continued to furnish information to consumer reporting agencies that it knew or should have known was incomplete or inaccurate when it verified its reporting to those consumer reporting agencies in response to Plaintiff's disputes.

50.   SYNCHRONY negligently and/or willfully failed to comply with the provisions of Cal. Civil Code section 1785.25(a).

51.   Pursuant to Cal. Civ. Code § 1785.31, SYNCHRONY is liable to Plaintiff for (1) actual damages, including court costs, loss of wages, attorneys' fees and pain and suffering; (2) punitive damages of not less than $100 nor more than $5,000 for each violation; (3) injunctive relief; (4) court costs and attorneys' fees; and (5) any other relief that the Court deems proper.

- 7 -

**WHEREFORE,** Plaintiff, JOSEPH CAGNO, requests that this Court:

(a)  Award Plaintiff actual and statutory damages;

(b)  Award Plaintiff punitive and exemplary damages;

(c)  Award Plaintiff attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o, and Cal. Civ. Code § 1785.31, as well as litigation expenses, and court costs; and

(d)  Grant Plaintiff such other and further relief as is just and proper under the circumstances.

Dated: <u>March 24, 2021</u>                                    ERIKA HEATH, ATTORNEY AT LAW

                                                                                     */s/ Erika Heath*
                                                                                     Erika A. Heath
                                                                                     Attorney for Plaintiff
                                                                                     JOSEPH CAGNO

COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of each and every cause of action so triable.

Dated: <u>March 24, 2021</u>

ERIKA HEATH, ATTORNEY AT LAW

*/s/ Erika Heath*

Erika A. Heath
Attorney for Plaintiff
JOSEPH CAGNO

COMPLAINT FOR DAMAGES

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Erika Heath (SBN 304683) 369 Pine St., Ste. 410 San Francisco, CA 94104 | **FOR COURT USE ONLY** *Electronically* **FILED** by Superior Court of California, County of San Mateo ON **3/24/2021** By **/s/ Anthony Berini** **Deputy Clerk** |

TELEPHONE NO.: **(415)-426-7850**   FAX NO. *(Optional):*
ATTORNEY FOR *(Name):* **Plaintiff Joseph Cagno**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO**
STREET ADDRESS: 400 County Center
MAILING ADDRESS: 400 County Center
CITY AND ZIP CODE: Redwood City, California 94063
BRANCH NAME:

CASE NAME:
Cagno v. Synchrony Bank

| CIVIL CASE COVER SHEET [x] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000) | Complex Case Designation [ ] Counter   [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CASE NUMBER: 21-CIV-01579 JUDGE: DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[x] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* 2
5. This case [ ] is [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: March 24, 2021
Erika Heath                                          ▶ /s/ Erika Heath
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
* Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
* File this cover sheet in addition to any cover sheet required by local court rule.
* If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
* Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 *www.courts.ca.gov* |
|---|---|---|